FARBAND HOUSING CORPORATION, Landlord, *v.* SOL LIEBOWITZ, Tenant.

Municipal Court of New York, Borough of Bronx, First District, December 10, 1931.

*Panken & Levy* [*Matthew M. Levy* of counsel], for the landlord.

*Waldman & Lieberman* [*Louis Waldman* of counsel], for the tenant.

LEARY, J. This is an application on an order to show cause to set aside an order awarding possession of certain premises to the landlord and why the defendant's default should not be opened and leave given him to interpose an answer. This motion was referred to me on December 3, 1931, for the reason that one of the orders referred to was granted by me on the 25th day of August, 1931. The papers disclosed the fact that the tenant appeared in court on the day in question and interposed an answer, and subsequently paid the rent demanded in the petition by the landlord.

On November ninth a trial by jury was instituted in the same court in a holdover proceeding. The verdict resulted in favor of the tenant. The question of whether the tenant was a co-operative owner or a tenant was raised in that proceeding. The landlord submitted the final order herein referred to as part of his proof to establish that relationship. In the holdover proceeding the jury found a verdict in favor of the tenant.

There was no default on the part of the tenant. The application is not made in accordance with section 129, subdivision 3, of the Municipal Court Code. Neither can it be said that the tenant here would be entitled to have the court exercise its discretion in the interests of justice, for the reason that it would inflict a greater injustice at the time on the landlord, he having relied on the order in question as a part of his proof in the holdover proceeding.

I do not pass upon the proceedings brought in July. This has to do with the order only of August, Index L. & T. 9188/1931.

Motion denied.